Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
T: (510) 463-3350
F: (510) 463-3349
gkaton@katon.law

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| **TIMOTHY M. BRENNER, JR.**, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| vs. | |
| **L. YBARRA, California Department of Corrections Officer; CISENEROS, California Department of Corrections Officer; DOES 1-10**, Jointly and Severally, | |
| Defendants. | |

## NATURE OF THE CASE

1. Plaintiff brings this civil rights action against Defendants based on their failure to protect him from attack by another prisoner on or about November 22, 2017, at the California State Prison, Sacramento. That prisoner, who was unrestrained and carrying a long knife, stabbed Plaintiff eleven times. Plaintiff was completely defenseless, having been handcuffed and leg-shackled by the guard who was escorting him. The other prisoner stabbed Plaintiff in the armpit, shoulder, back, thigh, neck, and head, and punctured his lung.

2. Defendants violated various prison policies by transporting Plaintiff while escorted by only one guard and by failing to search his attacker adequately before removing him from his cell for transport. Defendants then transported Plaintiff's attacker, also escorted by only

COMPLAINT AND JURY DEMAND                                      Page 1

one guard, carrying a long knife and unrestrained by handcuffs or leg shackles. Defendants then allowed the other prisoner to attack Plaintiff, causing severe, life-threatening injuries.

3.    After facilitating Plaintiff's vicious stabbing, Defendants sought to intimidate Plaintiff into not bringing a legal claim to obtain redress for his injuries. They denied Plaintiff's requests for safe housing, placed him in the same building as his attacker, near the attacker's gang brothers, and allowed the same guards who caused the Attack to continue to escort and to be responsible for protecting Plaintiff. This retaliation was done to inflict emotional distress; to try to incite Plaintiff to violence to protect himself; and/or to facilitate another attack on him.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 because it alleges violations of the United States Constitution and 42 U.S.C. § 1983, and therefore raises questions of federal law. Jurisdiction is also based upon 28 U.S.C. § 1343 because relief is sought for the deprivation of Plaintiff's constitutional rights under color of state law. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.

5.    Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are continuing to occur in the California State Prison, Sacramento, located in the City of Folsom, County of Sacramento, California. This action is properly assigned to the Sacramento Division of this Court, pursuant to Eastern District Civil Local Rule 120(d).

## PARTIES

6.    Plaintiff TIMOTHY BRENNER, JR. is a resident of the State of California and, at all relevant times, has been a prisoner at California State Prison, Sacramento ("CSP-Sacramento").

7.    Defendant L. YBARRA (# J353) at all relevant times was employed as a corrections officer by the California Department of Corrections and Rehabilitation ("CDCR") and was acting within the course and scope of that employment, and under color of state law.

COMPLAINT AND JURY DEMAND                                              Page 2

1       8.     Defendant CISENEROS at all relevant times was employed as a corrections

2  officer by the CDCR and was acting within the course and scope of that employment, and under

3  color of state law. Plaintiff is unsure of this defendant's full name and its spelling but will seek

4  leave to amend the Complaint to provide his full, correct name when it is ascertained.

5       9.     The true names and capacities of Defendants sued as DOES 1 through 10 ("DOE

6  defendants") are unknown to Plaintiff, and Plaintiff therefore sues these Defendants by such

7  fictitious names.  Plaintiff will seek leave to amend this Complaint to provide their true names

8  and capacities when they are ascertained.  At all times relevant to Plaintiff's claims, the DOE

9  defendants were employees/agents of CDCR, acting within the course and scope of that

10  relationship, and under color of state law.

## GENERAL ALLEGATIONS

12       10.    On about November 22, 2017, another prisoner at CSP-Sacramento stabbed

13  Plaintiff eleven times, in the armpit, shoulder, back, thigh, neck, and head, and punctured his

14  lung ("the Attack").

15       11.    Earlier on the day of the Attack, the prisoner who attacked Plaintiff told his prison

16  mental-health provider that he was hearing voices commanding him to stab and kill people. He

17  had been telling his provider the same thing for months and asking for a higher level of care.

18       12.    On the day of the Attack, Plaintiff was housed in the Short-Term Restricted

19  Housing Unit. He was surprised when Defendant YBARRA arrived at his cell to accompany

20  him, alone, to an unscheduled medical appointment. Prisoners transported in this unit were

21  required to be escorted by two guards and absent some urgent problem that Plaintiff was not

22  experiencing, medical appointments were scheduled well in advance.

23       13.    Once outside of his cell, Defendant YBARRA placed handcuffs and leg shackles

24  on Plaintiff and escorted him toward the door exiting the building. Defendant YBARRA is of

25  small physical stature.

26       14.    Meanwhile, Defendant CISENEROS, also alone, brought the attacking prisoner

27  out of his cell and into the vicinity where Plaintiff was stopped at the door.

15.     Defendant CISENEROS had not searched or had not properly searched the attacking prisoner for weapons, since he was carrying a seven- to nine-inch knife. Further, Defendant CISENEROS had not placed the attacker in handcuffs or leg restraints. Thus, Defendant CISENEROS either sought to facilitate the attack on Plaintiff or was deliberately indifferent to the danger he created and acted with reckless disregard for Plaintiff's safety.

16.     Defendants CISENEROS and YBARRA placed the attacking prisoner with no restraints and armed with a long-blade knife in close proximity to Plaintiff, who was unarmed and in physical restraints that rendered him defenseless.

17.     As Plaintiff waited at the exit door of the building, the attacking prisoner stabbed Plaintiff eleven times, causing serious bodily injuries and trauma, including but not limited to stab wounds to the armpit, shoulder, back, thigh, neck, head, and lung.

18.     A reasonable corrections officer would know that violating prison policy by allowing an armed, unrestrained prisoner to be in close proximity with a restrained prisoner would create a high risk that an attack would occur.

19.     Because the attacking prisoner was permitted to be housed with other prisoners after telling prison staff that he heard voices telling him to stab and kill people, and he was transported unrestrained and armed near at least one other prisoner, one or more DOE defendants failed to take reasonable steps to protect Plaintiff from the attacking prisoner. A reasonable prison health provider and/or administrator would know that allowing a prisoner who is hearing voices telling him to stab and kill people to remain among other prisoners creates a serious risk of injury or death to other prisoners.

20.     During the Attack, neither Defendant YBARRA nor Defendant CISENEROS intervened to protect Plaintiff. Instead, Defendant YBARRA ran away yelling to try to get help, allowing the attacking prisoner additional time to stab Plaintiff.

21.     At no time leading up to or during the attack was Plaintiff violent or threatening to prison staff or other prisoners, including the attacking prisoner.

22.     A corrections officer stationed nearby finally went to the scene and stopped the Attack.

COMPLAINT AND JURY DEMAND                                                    Page 4

23.     The attacking prisoner stabbed a corrections officers in the leg during the Attack. On information and belief, the attacking prisoner was never charged for having stabbed the corrections officer because prison staff knew he had serious psychiatric problems.

24.     Acting as integral participants, each with fundamental involvement in the violations of Plaintiff's rights described in this Complaint, Defendant YBARRA, CISENEROS and the DOE defendants violated Plaintiff's right under the Eighth Amendment to be free from physical harm by other inmates.

25.     On March 19, 2018, counsel for Plaintiff informed the Warden of CSP-Sacramento that he was representing Plaintiff in connection with the Assault and that he had serious concerns about a plan to move Plaintiff to less secure housing within the same facility, which would have made Plaintiff more vulnerable to attack.

26.     Upon information and belief, the attacking prisoner was transferred briefly to another prison after the Attack, but he was returned to CSP-Sacramento. Notwithstanding the life-threatening attack on Plaintiff, the DOE defendants retaliated against Plaintiff by placing him in the same building with the attacking prisoner, where he continues to be housed.

27.     Plaintiff is diabetic and needs regular injections of insulin, which require transport to the prison medical facility. Plaintiff has made numerous requests that he be provided placement that does not require him to be escorted by the same guards who facilitated the Attack and in close proximity to the attacking prisoner and his gang associates. DOE defendants denied Plaintiff's request that he be placed in a safer housing environment and knowingly put him in life-threatening danger to inflict emotional distress, to try to incite Plaintiff to violence to protect himself, and/or to facilitate another attack on him.

28.     On or about September 12, 2018, Plaintiff was taken to the exercise yard for the first time since the Attack.

29.     Plaintiff was put in one of about 28 outdoor cages in the exercise yard.

30.     DOE defendants placed the prisoner who attacked him in a cage adjacent to Plaintiff's.

31.     Further, in the cage next to the attacking prisoner was the attacker's gang brother.

32.     The attacking prisoner's gang brother told Plaintiff numerous times that he was going to murder Plaintiff on the way back to Building 1, where Plaintiff is housed. DOE defendants housed Plaintiff within two cells from the attacker's gang brother, which also knowingly put him in danger to inflict emotional distress; to try to incite Plaintiff to violence to protect himself; and/or to facilitate another attack on him.

33.     Plaintiff reported this threat to a correctional officer, as did another prisoner in a cage next to Plaintiff.

34.     The correctional officer to whom Plaintiff reported the threat responded that he did not understand why the earlier watch had put the attacking prisoner and his gang brother in cages next to Plaintiff's cage.

35.     While Plaintiff and his attacker were in adjacent cages, the attacking prisoner told Plaintiff that for about six months he had been telling his clinician that he had been hearing voices commanding him to kill and stab people. The attacking prisoner further told Plaintiff that he had continually asked for a higher level of care and help for this, but no help was provided.

36.     At all relevant times, the actions and omissions of each Defendant were, alternatively, intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

37.     By Memorandum dated July 23, 2018, CDCR acknowledged in response to Plaintiff's administrative complaint that a violation of CDCR policy occurred.

38.     Plaintiff timely and properly filed a claim pursuant to California Government Code § 910 *et seq.*, and the State of California Department of General Services deposited its rejection of the claim in the mail on May 16, 2018.  This action is timely filed within all applicable statutes of limitation.

**COUNT ONE: 42 U.S.C. § 1983**
**FAILURE TO PROTECT – EIGHTH AMENDMENT**
**PLAINTIFF AGAINST ALL DEFENDANTS**

39.     The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates.

COMPLAINT AND JURY DEMAND                                         Page 6

40.     By the actions and omissions described above, Defendants YBARRA, CISENEROS, and DOES 1–10, acting under the color of state law in their individual capacities, deprived Plaintiff of the right under the Eighth Amendment to have his safety protected from attack by other inmates while in the custody of CDCR.

41.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of constitutional rights, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

42.     Defendants' acts and/or omissions as described in the Complaint were the moving force behind, and proximately caused, severe injuries and damages to Plaintiff.

**COUNT TWO: 42 U.S.C. § 1983**
**RETALIATION – FIRST AMENDMENT**
**<u>PLAINTIFF AGAINST DOE DEFENDANTS</u>**

43.     DOE defendants took adverse action against Plaintiff by housing him in the same building with the prisoner who stabbed him eleven times, almost killing him, and by allowing the same guards who facilitated the attack to continue to escort Plaintiff in close proximity to the attacking prisoner. DOE defendants further threatened Plaintiff by placing him within two cells of the attacker's gang brother and arranging for him to be put in a cage adjacent to the attacker and his gang brother in the prison yard, where Plaintiff was further threatened with murder.

44.     The actions described in the preceding paragraph were done in retaliation for Plaintiff planning to seek legal redress based upon the attack, of which Defendants were aware. Those actions served no legitimate correctional goal but were done solely to punish Plaintiff by making him fear for life based upon the previous life-threatening attack arranged by Defendants, with the hope that Defendants could discourage Plaintiff from seeking compensation for the injuries they caused.

**COUNT THREE: VIOLATION OF CALIFORNIA CIVIL CODE § 52.1**
**<u>PLAINTIFF AGAINST ALL DEFENDANTS</u>**

45.     DOE defendants, acting in alone or in concert, intentionally interfered with, or attempted to interfere with, Plaintiff's civil rights by threats, intimidation, or coercion.

46.     DOE defendants made threats of violence against Plaintiff, causing him to reasonably believe that if he exercised his right to seek redress for injuries caused by the Attack, Defendants would commit violence against him directly or through other prisoners and that Defendants had the apparent ability to carry out the threats.

47.     Defendants also interfered with, attempted to interfere with, and violated Plaintiff's rights as follows:

    a. The Eighth Amendment right to protection from violence at the hands of other prisoners;

    b. The First Amendment right to protection from retaliation by threats of physical violence if he exercised his right to seek redress for injuries sustained in the attack;

    c. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

48.     The threats, intimidation, and coercion described in this Complaint were not necessary or inherent to Defendants' violation of Plaintiff's rights, or to any legitimate correctional activity.

49.     Further, in the alternative or concurrently, Defendants' violations of duties and rights and coercive conduct were volitional acts; not accidental or merely negligent.

50.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages for which he is entitled to compensation.

**COUNT FOUR: STATE TORT OF NEGLIGENCE**
**PLAINTIFF AGAINST ALL DEFENDANTS**

51.     At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

53.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations:

    a. to protect Plaintiff from violence at the hands of other prisoners;

    b. to search other prisoners before transporting them;

COMPLAINT AND JURY DEMAND                                        Page 8

c.   to transport other prisoners with appropriate restraints, so that they cannot attack Plaintiff;

d.   to assign an adequate number of guards to escort prisoners to provide safe transport;

e.   to intervene to stop a stabbing attack on Plaintiff;

f.   to refrain from abusing their authority granted them by law;

54.   Defendants' act and omissions breached the duty of care they owed Plaintiff.

55.   As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages for which he is entitled to be compensated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against each and every Defendant, jointly and severally:

a.   Compensatory and exemplary damages in an amount determined by the jury;

b.   Injunctive relief that provides Plaintiff with reasonably safe housing where he can obtain necessary medical treatment and recreation without being placed in imminent danger to his life;

c.   Attorneys' fees as provided by law;

d.   Costs of court and other expenses as provided by law;

e.   Such other and further relief in favor of Plaintiff as is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully Submitted,

KATON.LAW

*/s/ Glenn Katon*
GLENN KATON

Attorney for Plaintiff

COMPLAINT AND JURY DEMAND                                          Page 9