GLENN KATON, State Bar No. 281841
KATON LAW
 385 Grand Avenue, Suite 200
 Oakland, CA 94610
 T: (510) 463-3350
 F: (510) 463-3349
 gkaton@katon.law
*Attorney for Plaintiff*

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
LUCAS L. HENNES, State Bar No. 278361
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7323
 Fax: (916) 324-5205
 E-mail: Lucas.Hennes@doj.ca.gov
*Attorneys for Defendant L. Ybarra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **TIMOTHY M. BRENNER, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**LISA YBARRA,**<br><br>Defendant. | Case No. 2:18-cv-02610 JAM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:**

In the course of this litigation, Plaintiff has propounded requests for the production of documents from Defendants and subpoenaed documents from non-party California Department of Corrections and Rehabilitation (CDCR) in discovery, which Defendants and CDCR contend

1

contain confidential information which, if shared or disclosed, could jeopardize the safety and security of institution(s) operated by CDCR, its employees, inmates, informants and their families, the Defendants or other individuals. The documents demanded include the private, personal information of Defendants and third party individuals ("personal information") and documents that would threaten prison safety and security if disclosed ("security information") without protective conditions.

**CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

1. The provisions of this Protective Order apply to the personal information and security information (hereafter "confidential material") designated by Defendants and/or CDCR as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". The Court-issued Protective Order applies because Defendants and/or CDCR contend those documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

    a. The designation of "CONFIDENTIAL" is intended to encompass documents or materials of any kind of nature that Defendants and nonparty CDCR, in good faith believes to be comprised of information that would not ordinarily be disclosed to other persons or entities because Defendants and CDCR believe that the information, document, or material is confidential under state or federal law or protected by privilege.

    b. Defendants and CDCR may also designate their discovery materials and information provided in this litigation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when Defendants and CDCR have a good faith belief that such materials and information are particularly sensitive and therefore require the utmost level of protection. This designation will only be used when the material, if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

2. The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

a. In the case of documents, exhibits, or briefs filed with the court or other materials, excluding depositions or other pretrial and trial testimony, the designating party shall clearly designate the document as either "Confidential — Attorneys Eyes Only" to the first page and each page containing any confidential information or material. If the document in question was produced in native format, the designating party shall designate the Confidential document by physically labeling the outside of any media storing the electronic documents and the file names of any electronically-stored information.

b. In the case of depositions or other pretrial testimony: by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated hereunder. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation.

c. The designation shall be made (i) at the time such materials are disclosed; or (ii) as soon thereafter as Defendants or CDCR becomes aware of the inadvertent production without a "Confidential" designation.

3. Information or materials designated as "Confidential – Attorneys' Eyes Only" under this Protective Order, or copies or extracts and compilations from, may be disclosed, described, characterized, or communicated in any way only to the following persons:

   a. Counsel for record for Plaintiffs in this action;

   b. The attorney(s) of record for Defendants and CDCR;

   c. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff, Defendants, and CDCR, who are necessary to aid counsel for Plaintiff, Defendants, and CDCR in the litigation of this matter;

   d. Court personnel and stenographic reporters engaged in such proceedings are incidental to the preparation for the trial in this action; and

   e. Experts retained by counsel.

4. None of the material designated as "Confidential – Attorneys' Eyes Only," or information contained in the confidential material, shall be shown to, discussed with, or disclosed

3

in any other manner to Plaintiff, any other inmate or former inmate, any parolee or former parolee, or any other person who is not a current or former CDCR employee, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants and/or CDCR, who maintain possession and control over the original confidential material.

5. No person who has access to any confidential material as set forth above shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

6. Any argument, discussion, or examination of any witness privy to the confidential material as to any confidential information shall be done *in camera* with leave of court and any record of such argument, discussion, or examination shall be kept under seal, subject to the Court's order to the contrary. Counsel for each party shall only discuss in open court the summaries of confidential information as worded by Defendants and CDCR contained in any non-confidential record (i.e., the summaries of confidential information as written in the CDCR 1030 Confidential Information Disclosure Forms, informational chronologies, or other non-confidential records).

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiffs shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendants. When Plaintiff's counsel returns or destroys the confidential

///

material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed.

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

9. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents; or

    (c) To object to a discovery request.

10. Challenging Confidentiality Designations:

    (a) Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    (b) Meet and Confer. A party challenging a confidentiality designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

11. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

///

12. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

13. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO STIPULATED.**

Dated: January 30, 2019          KATON LAW

*/s/ Glenn Katon*

GLENN KATON
*Attorney for Plaintiff*

Dated: January 30, 2019          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Defendant L. Ybarra*

**IT IS SO ORDERED.**

Dated: 1/30/2019          /s/ John A. Mendez
The Honorable John A. Mendez
United States District Court Judge